UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. BURTON #138573,

        Plaintiff,                Case No. 1:15-cv-44

v.                                     Honorable Robert J. Jonker

UNKNOWN GIDLEY et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Arthur J. Burton, a prisoner incarcerated at Oaks Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v.*

*Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. The Court has dismissed more than three of Plaintiff's lawsuits as frivolous, malicious or for failure to state a claim. *See, e.g., Burton v. Bock*, No. 2:95-cv-71689 (E.D. Mich. March 27, 1996) (frivolous); *Burton v. Nault*, No. 2:89-cv-231 (W.D. Mich. Aug. 8, 1990) (failure to state a claim); *Burton v. Robinson*, No. 2:89-cv-73482 (E.D. Mich. March 14, 1990) (frivolous). Although all three of these dismissals were entered before enactment of the PLRA on April 26, 1996, they nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, the Court previously has denied leave to proceed *in forma pauperis* under the three-strikes rule. *See Burton v. DeRooy et al.*, 1:05-cv-289 (W.D. Mich. May 6, 2005); *Burton v. Gundy*, No. 1:96-cv-986 (W.D. Mich. March 3, 1997).

Plaintiff asserts that he should be permitted to proceed *in forma pauperis* under the exception for a prisoner who is under imminent danger of serious physical injury. In his complaint, Plaintiff alleges that he was transferred to Oaks from the Out-Patient Mental Health Treatment program (OPMHT) on July 18, 2014. Four days later, he was placed in a cell with Prisoner Richardson. Plaintiff, who is white and a past member of the Aryan Brotherhood contends that he is not compatible with Richardson, who is African-American and a member of the Nation of Islam. Plaintiff requested to be moved to another cell, but his requests were ignored or denied. A physical altercation occurred between Plaintiff and Richardson on August 18, 2014, which resulted in a misconduct charge and conviction against Plaintiff for fighting. Plaintiff contends his placement with Richardson violates his Eighth Amendment right against cruel and unusual punishment. He seeks compensatory and punitive damages, as well as order that Warden Gidley "'cease and desist'

practice of RANDOM placement of myself and like situated OPMHI inmates into cells without checking for compatible placement before moves." (Compl., docket #2, Page ID#19.)

The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as applied to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff has failed to allege facts establishing that he is in real and proximate and the danger of serious physical injury. Plaintiff has shared a cell with Richardson since July of last year. While they allegedly had a physical altercation in August, Plaintiff does not allege that Richardson

- 4 -

attacked him. Rather, after reviewing video of the incident, the hearing officer found that the Plaintiff was the aggressor. (*See* Step II Grievance Response, Exhibit #14, docket #1-1, Page ID#9.) While Plaintiff contends that he continues to be in imminent danger of serious physical injury as a result of his placement with Richardson, he does not allege any physical aggression or specific threat of harm by Richardson. Plaintiff does not allege anything more than an ongoing lack of "compatibility" with Richardson, which clearly does not allow a court to draw a reasonable inference that danger exists. Plaintiff, therefore, may not proceed *in forma pauperis* under the imminent danger exception.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated:	January 30, 2015	/s/ Robert J. Jonker
	ROBERT J. JONKER
	UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**